UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

<u>Warren Picard</u>

    v.                                Civil No. 09-cv-259-PB

<u>James O'Mara, Superintendent,
Hillsborough County Department
of Corrections, et al.</u>[1]

**O R D E R**

Before the court is Warren Picard's complaint (document nos. 1, 3 & 4), filed pursuant to 42 U.S.C. § 1983, alleging that defendants, all employees of the Hillsborough County Department of Corrections ("HCDOC"), violated his constitutional rights during his incarceration. The matter is before me for preliminary review to determine, among other things, whether or not the complaint states any claim upon which relief might be granted. <u>See</u> 28 U.S.C. § 1915A; United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(2).

---

[1] In addition to O'Mara, the narrative of the complaint makes apparent the following individuals are intended defendants in this action: Corrections Officer ("C.O.") Robinson (first name unknown ("FNU")), C.O. FNU Baldwin, C.O. FNU Dusenbaum, and C.O. FNU Dornall. I construe the complaint to name each of these individuals as defendants to this action.

As fully explained in the Report and Recommendation issued simultaneously with this Order, I find that Picard has stated claims upon which relief might be granted for failure to protect, endangerment, forced work and retaliation, and I will direct service of this action against HCDOC Superintendent James O'Mara and HCDOC C.O.s Dusenbaum, Robinson, Baldwin, and Dornall as indicated in my Report and Recommendation.  In the Report and Recommendation, I recommended dismissal of Picard's RHU conditions claims, the RHU placement claim, and the verbal harassment claims.  I further recommended that O'Mara, Baldwin and Dornall be dismissed from Picard's retaliation claims.

As I find that plaintiff has stated claims upon which relief may be granted, I order the complaint (document nos. 1, 3 & 4) be served on Defendants.  The Clerk's office is directed to serve the New Hampshire Office of the Attorney General (AG), as provided in the Agreement On Acceptance Of Service, copies of this order, the Report and Recommendation issued this date, and the complaint (document nos. 1, 3 & 4).  See LR 4.3(d)(2)(C).  Within thirty days from receipt of these materials, the AG will submit to the court an Acceptance of Service notice specifying those defendants who have authorized the AG's office to receive

service on their behalf.  When the Acceptance of Service is filed, service will be deemed made on the last day of the thirty-day period.

As to those defendants who do not authorize the AG's office to receive service on their behalf or whom the AG declines to represent, the AG shall, within thirty days from receipt of the aforementioned materials, provide a separate list of the last known addresses of such defendants.  The Clerk's office is instructed to complete service on these individuals by sending to them, by certified mail, return receipt requested, copies of these same documents.

Defendants are instructed to answer or otherwise plead within twenty days of acceptance of service.  See Fed. R. Civ. P. 12(a)(1)(A).

Plaintiff is instructed that all future pleadings, written motions, notices, or similar papers shall be served directly on

the Defendants by delivering or mailing the materials to them or their attorneys, pursuant to Fed. R. Civ. P. 5(b).

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date:   December 11, 2009

cc:     Warren Picard, pro se

JM:jba